IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| CATHY ENWERE,<br><br>    Plaintiff,<br><br>  v.<br><br>SAN MATEO MENTAL HEALTH,<br><br>    Defendant.<br>_____/ | No. C 10-03235 SI<br><br>**ORDER GRANTING APPLICATION TO PROCEED IN FORMA PAUPERIS AND DENYING REQUEST FOR APPOINTMENT OF COUNSEL** |

On July 23, 2010, plaintiff filed this *pro se* action against San Mateo Mental Health Clinic and five individuals, Alyse Gabriel, Kacey Carr, Keith Clausen, Renee Harris and Claudia Tinoco. Currently before the Court are Ms. Enwere's application to proceed *in forma pauperis* ("IFP") and a request for appointment of counsel.

**BACKGROUND**

The substance of Ms. Enwere's complaint is that defendants violated her civil rights and right to privacy by releasing her medical records. Ms. Enwere's complaint, and the attached documents, indicate that Ms. Enwere's medical records were released pursuant to an order from Magistrate Judge Trumbull of the Northern District of California. A review of this Court's docket shows that Ms. Enwere had a Fair Housing Act case pending before Judge Fogel. *Enwere v. Terman Associates et al.*, Case No. 07-1239. Judge Trumbull was the Magistrate Judge assigned to handle discovery in that case. *Id*. The case docket shows that on December 3, 2008, Magistrate Judge Trumbull granted a motion to compel release of plaintiff's mental health records. Docket No. 125. Judge Trumbull, in an order issued on the same day, found that by alleging serious, on-going mental and emotional distress and by

seeking damages for those injuries, plaintiff waived her right to privacy with respect to her mental health records. Docket No. 124. Judge Trumbull also noted that the records produced by the San Mateo County Health Department, which had been submitted to the Court in sealed envelopes, may "include records outside the scope of Plaintiff's waiver." Docket No. 125 at 2.[1] As such, Judge Trumbull decided to do an *in camera* review of the documents, to make sure all documents provided were relevant, and gave the parties until December 16, 2008, to object to the review. No parties objected, and after reviewing the documents, on January 7, 2009 Magistrate Trumbull ordered that all documents produced by the San Mateo County Health Department be provided to defense counsel with orders that those documents not be disclosed to anyone else, other than any expert witnesses. Docket No. 135 at 2. Plaintiff objected to the order requiring the disclosure of her mental health records, but on February 9, 2009, Judge Fogel overruled those objections. Docket No. 144 at 2. Accordingly, the documents were released to defense counsel.

In this case, Ms. Enwere argues that the current defendants – who apparently worked for San Mateo County and/or were involved in either treating Ms. Enwere or in the release of her records – should not have released the documents because, Ms. Enwere asserts, Judge Trumbull did not have authority to issue such an order. Ms. Enwere further argues that the records should not have been released without her consent or the direct consent of her doctor, Alyse Gabriel, who is also named as a defendant in this case. Ms. Enwere also complains that she was not provided with a copy of the medical records that were turned over pursuant to the Court order; that at least some of the medical records turned over were not relevant to issues in her case; and that various, unspecified medical records were altered by various defendants.

**LEGAL STANDARD**

IFP applications are reviewed using a two-part analysis pursuant to 28 U.S.C. § 1915. First, the

---

[1] The records were provided to Judge Trumbull by Keith Clausen on behalf of San Mateo County Behavioral Health and Recovery Services. *See* Declaration of Custodian of Records, Keith Clausen, Docket No. 126. Mr. Clausen, who has been named as a defendant in this case, stated that the "confidential psychiatric records" requested by the subpoena were being turned over for review by the Court for relevancy and confidentiality before their release.

2

Court must determine that the applicant qualifies financially to proceed IFP. 28 U.S.C. § 1915(a)(1). Next, the Court must ensure that the applicant states cognizable, non-frivolous claims or defenses. *Id.* § 1915(e)(2)(B). The Court may "at any time" dismiss an IFP action or appeal if it determines that the action or appeal "is frivolous or malicious." *Id.*

A district court has the discretion under 28 U.S.C. §1915(e)(1) to designate counsel to represent an indigent civil litigant in exceptional circumstances. *See Wilborn v. Escalderon*, 789 F.2d 1328, 1331 (9th Cir. 1986). This requires an evaluation of both the likelihood of success on the merits and the ability of the plaintiff to articulate her claims *pro se* in light of the complexity of the legal issues involved. *See id.* Neither of these factors is dispositive and both must be viewed together before deciding on a request for counsel under section 1915(e)(1).

**DISCUSSION**

This Court has significant concerns that many or all of Ms. Enwere's claims are barred, given the orders issued by Judge Fogel and Magistrate Judge Trumbull in plaintiff's prior case. However, those decisions will better be made on a fuller pleading record than that currently before the court. Consequently, Ms. Enwere's motion to proceed with her lawsuit *in forma pauperis* is GRANTED.

With respect to plaintiff's motion for appointment of counsel, at this stage of the litigation and based on the Court's review of the complaint, the attached documents and the docket from Case No. 07-1239, the Court does not find that Ms. Enwere's claims are likely to succeed and there are not exceptional circumstances requiring the appointment of counsel. Therefore, Ms. Enwere's request for appointment of counsel is DENIED.

**IT IS SO ORDERED.**

Dated: October 5, 2010

SUSAN ILLSTON
United States District Judge