United States District Court
For the Northern District of California

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| CATHY ENWERE, | No. C 10-03235 SI |
| Plaintiff, | **ORDER GRANTING MOTION TO DISMISS WITH PREJUDICE** |
| v. | |
| SAN MATEO MENTAL HEALTH, et al., | |
| Defendants. | |

On July 23, 2010, plaintiff filed this *pro se* action against San Mateo Mental Health Clinic and five individuals, Alyse Gabriel, Kacey Carr, Keith Clausen, Renee Harris and Claudia Tinoco. On October 21, 2010 defendant County of San Mateo moved to dismiss the complaint, arguing that plaintiff could not state a claim as a matter of law. The motion was set for hearing on December 14, 2010. Plaintiff did not file an opposition to the motion to dismiss. On November 29, 2010, the Court issued a clerk's notice asking plaintiff to contact the clerk immediately to let the Court know when she will be filing her opposition to the motion to dismiss. Plaintiff contacted the Court on December 13, 2010 – the day before the hearing – to inform the Court that she was unwell and requested that the hearing be rescheduled for another date.

Pursuant to Civil Local Rule 7-1(b), the Court finds this matters appropriate for resolution without oral argument and VACATES the December 14, 2010 hearing.

Having considered the record in this case, as well the record of proceedings in Ms. Enwere's prior case, *Enwere v. Terman Associates et al.*, Case No. 07-1239 (JF/PVT), and for good cause shown, the Court finds that plaintiff cannot state a claim as a matter of law. As such, the Court denies plaintiff's request to reschedule the December 14, 2010 hearing and GRANTS the motion to dismiss WITH PREJUDICE.

**BACKGROUND**

Ms. Enwere had a prior lawsuit in this district, *Enwere v. Terman Associates et al.*, Case No. 07-1239 (JF/PVT). In that lawsuit Ms. Enwere claimed that defendants violated fair housing laws and that plaintiff suffered mental and emotional distress as a result. *Id.*, Docket No. 124 at 2. Defendants in that prior action filed a motion to compel San Mateo County to produce copies of plaintiff's mental health records pursuant to defendants' subpoena. *Id.*, Docket No. 125 at 1. Plaintiff opposed the motion and non-party San Mateo County provided a copy of the documents covered by the subpoena to Magistrate Judge Trumbull – the Magistrate Judge assigned to handle discovery in the case – in two sealed envelopes, requesting that the Court conduct an *in camera* review of the records for relevancy and confidentiality prior to their release. *Id.*[1] On December 3, 2008, Magistrate Judge Trumbull granted the motion to compel release of plaintiff's mental health records. *Id.*, Docket No. 125. Judge Trumbull, in an order issued on the same day, found that by alleging serious, on-going mental and emotional distress and by seeking damages for those injuries, plaintiff waived her right to privacy with respect to her mental health records. Docket No. 124. Judge Trumbull also noted that the records produced by the San Mateo County Health Department may "include records outside the scope of Plaintiff's waiver." Docket No. 125 at 2. As such, Judge Trumbull decided to do an *in camera* review to make sure that all of the documents provided were relevant, and gave the parties until December 16, 2008, to object to the review. No parties objected, and after reviewing the documents, on January 7, 2009 Magistrate Trumbull ordered that all documents produced by the San Mateo County Health Department be provided to defense counsel with a protective order that the documents not be disclosed to anyone else, other than any expert witnesses. Docket No. 135 at 2. Plaintiff objected to the order requiring the disclosure of her mental health records, but on February 9, 2009, Judge Fogel overruled those objections, finding that Judge Trumbull had carefully considered each of plaintiff's "substantive arguments with respect to privacy rights and evidentiary relevance." Docket No. 144 at 2. Accordingly,

---

[1] The records were provided to Judge Trumbull by Keith Clausen on behalf of San Mateo County Behavioral Health and Recovery Services. *See* Declaration of Custodian of Records, Keith Clausen, Docket No. 126. Mr. Clausen, who has been named as a defendant in this case, stated that the "confidential psychiatric records" requested by the subpoena were being turned over for review by the Court for relevancy and confidentiality before their release.

the documents were released to defense counsel.

In this case, Ms. Enwere argues that the current defendants – the County and the individual defendants who apparently worked for San Mateo County and were involved in either treating Ms. Enwere or in the release of her records – should not have released the documents because Judge Trumbull did not have authority to issue such an order. Ms. Enwere further argues that the records should not have been released without her consent or the direct consent of her Doctor, Alyse Gabriel, who is also named as a defendant in this case. Ms. Enwere also complains that she was not provided with a copy of the medical records that were turned over pursuant to the Court order and that some of the medical records turned over were not relevant to issues in the *Terman Associates* case.

## DISCUSSION

**1.     No Private Right of Action under HIPAA**

To the extent that Ms. Enwere is alleging that the County – by releasing her mental health records pursuant to the Court's subpoena – breached the confidentiality of her mental records under the Health Insurance Portability and Acountability Act of 1996 ("HIPAA", 42 U.S.C. § 1320d *et seq.*), her claim fails. As the County points out, there is no private right of action under HIPAA. *Webb v. Smart Document Solutions, LLC*, 499 F.3d 1078, 1082 (9th Cir. 2007). That means that only the government can bring a claim against a medical provider for violation of HIPAA.

**2.     Plaintiff's Claim is Barred by Collateral Estoppel**[2]

To the extent that plaintiff is arguing that the County (and the individual defendants) violated her civil rights by releasing the medical records, plaintiff's claim is barred by the doctrine of *res*

---

[2] Plaintiff's complaint alleges violation of her "civil rights," in addition to the privacy rights implicated by HIPAA. The Court will analyze the collateral estoppel issues raised by the "civil rights" claims by assuming – though not deciding – that plaintiff could state claims under 42 U.S.C. § 1983.

3

*judicata*.[3] Under that doctrine, a litigant cannot challenge a decision made by a prior court by simply bringing a new lawsuit. Where a litigant was given a full opportunity to contest the prior court's order, it cannot be attacked in a new proceeding. Here, Ms. Enwere was the plaintiff in the *Terman Associates* case. She had a full opportunity to challenge the subpoena issued to San Mateo County for her medical records, and did so by opposing the motion to compel before Magistrate Judge Trumbull. Judge Trumbull reviewed the records produced by San Mateo County in response to the subpoena *in camera* and found them to be relevant to the issues in the *Terman Associates* case and ordered them to be released to defense counsel under the terms of a protective order. Ms. Enwere further exercised her right to litigate the issue by seeking review of Judge Trumbull's decision from Judge Fogel. Judge Fogel affirmed Judge Trumbull's decision, noting that Judge Trumbull had "carefully considered each of Plaintiff's substantive arguments with respect to privacy rights and evidentiary relevant." Case No. Case No. 07-1239, Docket No. 144 at 2. The District Court dismissed the underlying case on its merits and that dismissal was affirmed by the Ninth Circuit. *Id.*, Docket Nos. 173, 178.

Therefore, the issue of the legality of San Mateo County's compliance with the subpoena and the relevance of the documents produced was fully and actually litigated in the prior case and cannot be attacked here. Moreover, even though the individual defendants have not appeared in this action, the only claims made against them arise from their role in producing the mental health records that were submitted to Judge Trumbull or their alleged failure to prevent the release of those records. As such, no claim can be stated against the individual defendants either.

///

---

[3] "Under this doctrine, a party is precluded from relitigating an issue if four requirements are met: (1) there was a full and fair opportunity to litigate the issue in the previous action; (2) the issue was actually litigated; (3) there was final judgment on the merits; and (4) the person against whom collateral estoppel is asserted was a party to or in privity with a party in the previous action." *Wolfson v. Brammer*, 616 F.3d 1045, 1064 (9th Cir. 2010) (citing *Kendall v. Visa U.S.A., Inc.*, 518 F.3d 1042, 1050 (9th Cir. 2008)).

4

**CONCLUSION**

For the foregoing reasons, Ms. Enwere's complaint cannot state a claim as a matter of law. The complaint is DISMISSED WITH PREJUDICE as to all of the defendants.

**IT IS SO ORDERED.**

Dated: December 13, 2010

SUSAN ILLSTON
United States District Judge